Dasha Chestukhin (dxc@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIRMAL INTELLECTUAL PROPERTY CORPORATION, Plaintiff, | Civil Action No. |
| -against- | **COMPLAINT** |
| RAJESH KUMAR, Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Nirmal Intellectual Property Corporation ("Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant Rajesh Kumar ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as amended (the "Copyright Act"). Plaintiff is the owner of the copyrights in the video, audio and transcripts of talks given by Nirmala Srivastava, also known as Shri Mataji Nirmala Devi ("Shri Mataji"), during her lifetime (collectively, the "Works"). Without authorization from Plaintiff, and upon information and belief, Defendant copied and broadcast via the internet, including via YouTube, more than a thousand of the Works. Plaintiff brings this action seeking injunctive relief and damages for Defendant's infringement of Plaintiff's copyrights.

## THE PARTIES

2. Plaintiff is a non-profit corporation organized and existing under the laws of Delaware with an address at 268 Overpeck Avenue, Ridgefield Park, NJ, 07660, United States.

3. Upon information and belief, Defendant is an individual residing in India with an address at A-56, Dwarka Sector 7, New Delhi, India 110077.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to NY CPLR 301, namely, consent.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## FACTS

7. Shri Mataji was the founder of Sahaja Yoga. During her lifetime, Shri Mataji gave thousands of original talks about numerous topics, including Sahaja Yoga, which were recorded on video. Shri Mataji was the original copyright owner of the Works.

8. On or about September 16, 2005, Shri Mataji assigned in writing all her copyrights in the Works to Plaintiff, then known as Shri Mataji Nirmal Devi Sahaja Yoga Foundation. *See* **Exhibit A** hereto.

9. On or about August 25, 2005, Shri Mataji Nirmal Devi Sahaja Yoga Foundation changed its name to Nirmal Intellectual Property Corporation. *See* **Exhibit B** hereto.

10. Most of the Works are registered with the U.S. Copyright Office, Nos. PAu003808105 and PAu003148616. *See* **Exhibit C** hereto.

11. At this time, Plaintiff asserts claims based only on the registered Works but reserves the right to amend its Complaint once the remaining works are registered with the U.S. Copyright Office.

12. Without authorization from Plaintiff, and upon information and belief, Defendant copied and posted via the internet, including at the URL below, more than a thousand of the Works in whole or in part, including incorporating the Works in whole or in part into other videos (collectively, the "Infringing Videos"):

http://www.youtube.com/@OnlineGuidedMeditationChannel

13. Between approximately August 7, 2026, and August 13, 2026, Plaintiff sent to YouTube notices of infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c), requesting that YouTube remove or disable access to the Infringing Videos.

14. Pursuant to the DMCA, after received Plaintiff's notices of infringement, YouTube removed or disabled access to the Infringing Videos.

15. On or about August 18, 2026, Defendant sent to YouTube a counter notification under the DMCA concerning at least two of the Infringing Videos posted on YouTube.

16. In this counter notification, Defendant falsely claimed that the Infringing Videos subject to the counter notification were his own original works and/or that he was authorized to use the Works in these Infringing Videos.

17. In this counter notification, Defendant consented "to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." A copy of Defendant's counter notification is attached as **Exhibit D** hereto.

18. Upon information and belief, for purposes of counter notifications under Section 512(g)(3)(D) of the DMCA, YouTube is located, among other places, in New York, New York. Upon information and belief, one or more of YouTube's officers or agents carry on YouTube's business, among other places, in New York, New York, including at one or more of the following addresses: 76 9th Avenue, New York, New York 10011; 75 9th Avenue, New York, New York 10011; 29 11th Avenue, Pier 57, New York, New York 10011; and 550 Washington Street, New York, New York 10282. Upon information and belief, YouTube employs numerous employees in New York, New York.

19. Plaintiff has not authorized Defendant's actions as described herein. To the contrary, Plaintiff specifically has objected to Defendant's actions as described herein, including via DMCA takedown notices.

20. Upon information and belief, unless and until Defendant is enjoined from any further unauthorized infringement, Defendant will continue to infringe Plaintiff's copyrights.

21. Upon information and belief, by virtue of the unlawful conduct described above, Defendant has made or will make substantial profits and gains to which he is not in law or equity entitled.

22. Upon information and belief, Defendant's unlawful conduct described above has caused economic harm to Plaintiff, who is a non-profit corporation.

23. Upon information and belief, Defendant's actions described above have been undertaken in willful and blatant disregard of Plaintiff's rights.

24. As a result of Defendant's unlawful actions described above, Plaintiff has been or will be damaged and has suffered, and will continue to suffer, immediate and irreparable injury

for which Plaintiff has no adequate remedy at law, including the loss of control over its copyrights due to Defendant's massive copying of the Works.

**COUNT I**
**(Copyright Infringement, 17 U.S.C. § 501)**

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-24 above with the same force and effect as if set forth fully herein.

26. Defendant's conduct as described above constitutes infringement of Plaintiff's exclusive rights under 17 U.S.C. § 501, including Plaintiff's exclusive right to reproduce and publicly perform the Works under 17 U.S.C. § 106.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant finding that Defendant has infringed on Plaintiff's rights to the Works in violation of 17 U.S.C. § 501 and therefore award injunctive relief, damages, monetary and other relief as follows:

A. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's Works, including without limitation in the Infringing Videos;

B. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements described herein as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

C. for costs of litigation and reasonable attorneys' fees against Defendant pursuant to 17 U.S.C. § 505;

D. for pre-judgment interest as permitted by law; and

E. for any other relief the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

Dated: August 31, 2026

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By: ______________________

Dasha Chestukhin (dxc@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Plaintiff*